# Exhibit 1

Case 4:14-cv-02438   Document 1-1   Filed on 08/22/14 in TXSD   Page 1 of 17

 **CT Corporation**

**Service of Process Transmittal**
08/15/2014
CT Log Number 525524996

**TO:** Steven Rivers
LNR Property LLC
Archetype Credit Opportunities Funding I, 1601 Washington Avenue
Suite 800
Miami Beach, FL 33139

**RE:** Process Served in Texas

**FOR:** LNR TEXAS PARTNERS, LLC (Domestic State: TX)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Ezra Beyman, Pltf. vs. LNR Partners, LLC, et al. including LNR Texas Partner, Inc. Name discrepancy noted. |
| **DOCUMENT(S) SERVED:** | Citation, Plaintiff's first amended original petition |
| **COURT/AGENCY:** | 11th Judicial District Court Harris County, TX<br>Case # 201442761 |
| **NATURE OF ACTION:** | Wrongful Foreclosure - Harris County, TX |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 08/15/2014 at 12:35 |
| **JURISDICTION SERVED:** | Texas |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service of the citation |
| **ATTORNEY(S) / SENDER(S):** | Kevin M. Madden<br>1001 Texas Ave.<br>Suite 1400<br>Houston, TX 77002<br>713-328-6833 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 08/18/2014, Expected Purge Date: 08/23/2014<br>Image SOP<br>Email Notification, Lori Hunt lhunt@lnrproperty.com<br>Email Notification, Steven Rivers srivers@lnrproperty.com<br>Email Notification, Heather Bennett hbennett@lnrproperty.com<br>Email Notification, Matthew Kramer mkramer@lnrproperty.com<br>Email Notification, Tausha Wagner twagner@lnrproperty.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201 |
| **TELEPHONE:** | 214-932-3601 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

| | |
|---|---|
| | RECEIPT NUMBER _____ 0.00 |
| | TRACKING NUMBER __73040640__ CIV |

CAUSE NUMBER __201442761__

| | |
|---|---|
| PLAINTIFF: BEYMAN, EZRA<br>vs.<br>DEFENDANT: LNR PARTNERS LLC | In The 11th<br>Judicial District Court of<br>Harris County, Texas |

**CITATION CORPORATE**

THE STATE OF TEXAS
County of Harris

8-15-14
Nanya M

TO: LNR TEXAS PARTNERS LLC BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM

1999 BRYAN STREET STE 900   DALLAS TX 752013136

Attached is a copy of __PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION__

This instrument was filed on the __25th__ day of __July__, 20 __14__, in the above cited cause number and court. The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED;** you may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

**TO OFFICER SERVING:**

This Citation was issued under my hand and seal of said Court, at Houston, Texas, this __29th__ day of __July__, 20 __14__.

Issued at request of:
MADDEN, KEVIN MICHAEL
1001 TEXAS AVE. SUITE 1400
HOUSTON, TX 77002
Tel: (713) 328-6833
Bar Number: 24041376

CHRIS DANIEL, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
P.O. Box 4651, Houston, Texas 77210

Generated by: TEZENO, CHARLIE   CMA//9888687

**OFFICER/AUTHORIZED PERSON RETURN**

I received this citation on the _____ day of _____, 20____, at _____ o'clock ____.M., endorsed the date of delivery thereon, and executed it at _____, _____;
                                                                                            (street address)                              (city)

in _____ County, Texas on the _____ day of _____, 20____, at _____ o'clock ____. M.,
by delivering to _____, by delivering to its
                        (the defendant corporation named in citation)

_____, in person, whose name is _____.
(registered agent, president, or vice-president)

a true copy of this citation, with a copy of the _____ Petition attached,
                                            (description of petition, e.g., "Plaintiffs Original")

and with accompanying copies of _____.
                                (additional documents, if any, delivered with the petition)

I certify that the facts stated in this return are true by my signature below on the _____ day of _____, 20____.

FEE: $ _____          By: _____
                              (signature of officer)
                       Printed Name: _____

                       As Deputy for: _____
_____                      (printed name & title of sheriff or constable)
Affiant Other Than Officer

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, 20 ____.

                                            _____
                                            Notary Public

N.INT.CITC.P

8/1/2014, 4:35:14 PM
Chris Daniel - District Clerk Harris County
Envelope No. 2028412
By: Charlie Tezeno

CAUSE NO. 2014-42761

| | | |
|---|---|---|
| EZRA BEYMAN, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | OF HARRIS COUNTY, TEXAS |
| | § | |
| LNR PARTNERS, LLC, | § | |
| LNR TEXAS PARTNERS, INC. | § | |
| and DMITRY SULSKY | § | |
| | § | |
| *Defendants.* | § | 11th JUDICIAL DISTRICT |

## PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Ezra Beyman ("Beyman," or "Plaintiff") files his *Plaintiff's First Amended Original Petition* complaining of LNR Partners, LLC, LNR Partners INC., LNR Texas Partners, Inc., and Dmitry Sulsky and would respectfully show the Court as follows:

### I.

### Parties

1.   Beyman is an individual who resides in the state of New Jersey.

2.   LNR Partners, LLC ("LNR, LLC") is a Florida limited liability company with its headquarters in Miami Beach, Florida. LNR, LLC transacts business in the state of Texas and has availed itself of Texas courts, either directly or through its numerous subsidiaries and affiliates, on several occasions. LNR, LLC may be served with service of process through the Texas Secretary of State by serving its registered agent for service, LNR Property LLC, at 1601 Washington Ave., Suite 800, Miami Beach, Florida 33139.

3.   LNR Partners Inc. ("LNR, INC.") is a Florida Corporation with its headquarters in Miami Beach, Florida. LNR, INC transacts business in the state of Texas and has availed itself of Texas courts, either directly or through its numerous subsidiaries and affiliates, on several

occasions. LNR, INC. may be served with service of process through the Texas Secretary of State by serving its registered agent for service, James Whitlow at 1601 Washington Ave., Suite 800, Miami Beach, Florida 33139.

4.  LNR Texas Partners, LLC (formerly LNR Texas Partners, Inc.) ("LNR Texas") is a Texas limited liability company. It may be served by serving its registered agent for service, CT Corporation System, at 1999 Bryan St., Ste 900, Dallas, TX 75201-3136.

5.  Dmitry Sulsky is an individual who resides in the State of Florida and may be served at his work address of 1601 Washington Avenue Suite 700, Miami Beach, Florida 33139.

## II.

### Discovery

6.  Plaintiff intends to conduct discovery under Level 2 of the Texas Rules of Civil Procedure.

## III.

### Jurisdiction & Venue

7.  Jurisdiction is proper in this Court because the amount in controversy exceeds the jurisdictional levels of the Court.

8.  Venue is proper in Harris County, Texas because the actions or omissions that form the basis of this suit took place or were performable in Harris County, Texas.

## IV.

### Background

9.  LNR, LLC and LNR, INC (collectively "LNR") is a "special servicer" retained by lenders or trustees to manage or liquidate distressed assets, or re-structure ("work-out") loans

supported by the distressed assets. LNR is also the sole member and manager for LNR Texas, which is the non-member manager of an entity known as BACM 2006-4 Park Row, LLC ("BACM Park Row").

10. Beyman is a member and manager of Empire American Holdings, LLC ("Empire Holdings"). Before the economic recession of 2007, Empire Holdings invested in eight multi-family properties purchased and held by eight single-purpose entities, each of whose sole purpose was to finance, own, and operate one of the eight properties. In connection with the financed purchase of each property, each single-purpose entity executed a promissory note that was secured by a deed of trust encumbering the corresponding property. Each of the loans to the eight single-purpose entities was also personally guaranteed (to some extent) by Beyman. By the end of 2009, each one of the eight single-purpose entities faced difficulties in sustaining the debt service on its respective loan. Accordingly, the eight loans were all referred to LNR for "special servicing." The eight loans are referred to collectively herein as the "LNR Portfolio."

11. One of the eight loans in the LNR Portfolio was made to single-purpose entity Empirian at Park Row, LLLP ("Empirian at Park Row") by Arbor Commercial Mortgage, L.L.C., a Delaware limited liability company ("Arbor") for the purchase of a residential multi-family apartment complex located in Houston, Texas (the "Park Row Property") (the "Park Row Loan").

12. The Park Row Loan was evidenced by a Promissory Note in the original principal amount of $38,600,000.00 (the "Note"), executed by Empirian at Park Row and payable to Arbor. As with the other loans in the LNR Portfolio, the Park Row Loan was secured by a Deed of Trust & Security Agreement ("Deed of Trust") covering the Park Row Property and a Guaranty & Indemnity ("Guaranty") given by Beyman. The Note, Deed of Trust, Guaranty, and other

documents related to the Park Row Loan are referred to herein collectively as the "Loan Documents."

13. Shortly after Arbor made the Park Row Loan, Arbor assigned the Loan Documents to Deutsche Bank Mortgage Capital, L.L.C, which then assigned them to Wells Fargo Bank, N.A. as Trustee for the Registered Holders of Bank of America Commercial Mortgage, Inc., Commercial Mortgage Pass-Through Certificates, Series 2006-4 ("Wells Fargo" or the "Trust").

14. In 2008 and 2009, a nationwide downturn in the multi-family housing market began to affect the cash flow of the Park Row Property. In late 2009, for the first time, Empirian at Park Row (and Empire Holdings) was unable to make some of its loan payments on time. Consequently, on January 7, 2010, Wells Fargo hired LNR as the special servicer for the Park Row Loan. Sulsky was and is the LNR and LNR Texas representative responsible for the special servicing of the Park Row Loan.

15. On January 25, 2010, LNR sent Empirian at Park Row a Notice of Default. Then, in February 2010, LNR threatened to foreclose on the entire LNR Portfolio, beginning with the Park Row Property. To avoid foreclosure and in a good faith attempt to re-structure the loan obligations, Empirian at Park Row made partial payments on the Park Row Loan in February, March, and April of 2010. Then, on April 28, 2010, LNR sent Empirian at Park Row a letter alleging that certain elements of default had occurred. In order to preserve its ownership interests in the properties that comprised the LNR Portfolio, Empire Holdings found investors to fund offers to purchase some or all of the LNR Portfolio, thus making whole some or all of the various lenders and trusts who owned the properties of the LNR Portfolio. LNR had the authority to negotiate, accept, or reject each offer; final authority resting with Sulsky. Despite numerous requests from

Mr. Beyman and his representatives, LNR and Sulsky refused to accept any offer, refused to communicate with Mr. Beyman, and refused to provide any reasonable alternative work-out proposal for the LNR Portfolio.

16. While Empire Holdings was aggressively and diligently organizing investors and structuring offers for all of the loans in the LNR Portfolio, LNR – rather than trying in good faith to work-out the Park Row Loan and the other loans in the LNR Portfolio – formed BACM Park Row, naming LNR Texas as a non-member manager and Wells Fargo as its sole member. Then, in June 2010, BACM Park Row acquired the Loan Documents by assignment from Wells Fargo. BACM, as owner and holder of the Loan Documents (and acting up the instructions of LNR, LNR Texas, and Sulsky) filed a Notice of Foreclosure on July 13, 2010, setting the date for the foreclosure sale as August 3, 2010.

17. On August 2, 2010, Empirian Park Row and Beyman filed their *Original Petition and Application for Temporary Restraining Order and for Temporary Injunction to Preserve Status Quo* ("Injunction Proceeding"), seeking to stop the foreclosure sale scheduled for August 3, 2010 based on allegations that: (a) BACM Park Row breached provisions of the Deed of Trust relating to the foreclosure process; (b) BACM Park Row and LNR tortiously interfered with potential purchases of the Beyman Portfolio; and (c) BACM Park Row and LNR had repudiated previous promises that they would accept a good faith offer for the LNR Portfolio and would not proceed with a foreclosure on the Park Row Property.

18. Plaintiff's counsel informed LNR of the filing of the Injunction Proceeding and the fact that Plaintiff's counsel was proceeding to the Harris County Ancillary Court for a hearing on the request for a temporary restraining order. After receiving the notice of the Injunction

Proceeding, Sulsky, individually, and on behalf of LNR and LNR Texas, contacted Beyman and made a series of threats and promises to induce Beyman to withdraw the Injunction Proceeding and allow the foreclosure on the Park Row Property to proceed as planned. The threats included Sulsky's statement that if the foreclosure sale was stopped, Defendants would not communicate or negotiate with Beyman related to any of the loans or properties that comprised the LNR Portfolio and would, in fact, "bulldoze" Beyman for crossing him.

19. Sulsky, individually and as a representative of LNR and LNR Texas, then represented to Beyman that if he (Beyman) withdrew the Injunction Proceeding and allowed the foreclosure sale to go forward, then LNR would work with Empire Holdings and Beyman in **"good faith"** to resolve the LNR Portfolio and release Beyman's corresponding personal guarantees. LNR's Texas counsel then sent a letter to Beyman and his attorneys memorializing some of the representations made by Sulksy to Beyman. In reliance upon these oral and written representations, Beyman and Empirian at Park Row withdrew the Injunction Proceeding and BACM Park Row proceeded with a foreclosure sale of the Park Row Property on October 3, 2010.

20. But for the representations made by Sulsky, LNR, and LNR Texas that LNR would negotiate in good faith to resolve the LNR Portfolio and the Beyman guarantees, Empirian at Park Row and Beyman would have gone forward with the Injunction Proceeding and might still be in possession of the Park Row Property. At the very least, Empirian at Park Row and Beyman would have ensured that the Park Row Property sell for its full market value, which sale would have eliminated or mitigated any of Beyman's residual guaranty obligations and the resulting litigation related to those obligations.

21. BACM Park Row was the sole bidder at the foreclosure sale and purchased the Park Row Property for $20,651,167 – a price well below the balance Empirian at Park Row owed on the Park Row Loan, well below the fair market value of the Park Row Property, and well below LNR's own internal valuation of the Park Row Property.

22. Subsequent to the foreclosure sale, Beyman and Empire Holdings continued to present good faith offers to LNR for the purchase of all or part of the LNR Portfolio. On the rare occasion when LNR and Sulsky even responded to Empire's and Beyman's proposals, it would either be to reject the offers without explanation or to insist upon irrelevant or impossible conditions.

23. On September 13, 2010 (barely one month after agreeing to negotiate in good faith with Beyman a resolution of his guaranty obligations), BACM Park Row (once again at the behest of Sulsky, LNR, and LNR Texas) filed suit against Beyman in Cause No. 2010-55621; *BACM 2006-4; Park Row, LLC v. Ezra Beyman;* In the 164th Judicial District Court of Harris County, Texas ("Park Row Guaranty Suit"). BACM Park Row alleged in its petition that Beyman was liable to BACM Park Row for $5 million under the terms of the Guaranty given in connection with the Park Row Loan. Following Plaintiff's presentation of its case at trial in early 2014, the Court subsequently rendered a take nothing judgment in favor of Beyman.

24. After filing the Park Row Guaranty Suit, LNR systematically initiated foreclosure sale proceedings against the other properties that secured the other loans in the LNR Portfolio. When those sales were concludes, LNR then filed corresponding deficiency suits against Beyman in the various jurisdictions where the properties securing those loans had been located. In each of these actions, LNR and Sulsky set up shell companies to move as Plaintiff to foreclose against the

individual properties and then sue Beyman under his guaranties. Proceedings LNR and Sulksy initiated against Beyman include, but are not limited to, the following:

- Civil Action No. 2010-900998.00, *BACM 2006-4 Inverness Apartments, LLC, an Alabama limited liability company v. Ezra Beyman*; In the Circuit Court of Tuscaloosa County, Alabama (the "*Alabama Suit*").

- Case No. CH-12-0956-1, *DMARC 2006-CD2 Wyndhurst Place, LLC v. Ezra Beyman, et al.*; In the Chancery Court of Shelby County, Tennessee, for the Thirtieth Judicial District at Memphis (the "*Tennessee Suit*").

- Civil Action No. 2:12cv373, *COMM 2006-C8 Coveside Lane, LLC v. Empirian Chesapeake, LLC and Ezra Beyman;* In the United States District Court for the Eastern District of Virginia, Norfolk Division (the "*Virginia Suit*").

25.     Discovery conducted in the Park Row Guaranty Suit establishes that–despite their representations to the contrary–LNR, LNR Texas, and Sulsky had no intention of *ever* working in good faith with Beyman and Empire Holdings or any of the single-purpose entities, including Empirian at Park Row, to resolve the loans in the LNR Portfolio or release the Beyman guaranties. Indeed, Sulsky made the following admissions when deposed in the Park Row Guaranty Suit:

- BACM Park Row (or Wells Fargo) sold the Park Row Apartments in August of 2012 for an amount in excess of $40 million. This figure is *twice* the amount BACM Park Row bid at the foreclosure sale and nearly $2 million dollars *more* than the principal remaining on the Park Row Loan at the time of the foreclosure.

- BACM Park Row (LNR's alter ego entity) was the sole bidder at the foreclosure sale.

- BACM Park Row/LNR/LNR Texas made no effort to market the Park Row Property or increase the number of potential bidders in advance of the foreclosure sale.

- BACM Park Row/LNR/LNR Texas failed to advertise the foreclosure sale as required under the Park Row Loan Documents and failed to take other pre-sale actions required under the Loan Documents.

- LNR has no financial incentive to work-out loans and, in fact, derives financial benefit by doing the opposite and extending its special servicing activities as long as possible.

- LNR never conveyed (either before or after the foreclosure sale) *any* of Empire's work-out proposals to Wells Fargo or any of the other lenders or trustees who held an interest or participated in the LNR Portfolio.

26.    Additionally, internal LNR documents obtained in discovery in the Park Row Guaranty Suit confirm that LNR, LNR Texas, and Sulsky decided to foreclose on the Park Row Property to "gain leverage" against Beyman related to the other properties in the LNR Portfolio. In other words, Sulsky, LNR, and LNR Texas made knowingly false representations to Beyman to induce Beyman to allow a foreclosure that the Defendants would then use as a weapon against Beyman on other loans and properties! All the while, LNR, LNR Texas, and Sulsky continued to derive financial benefits for themselves by ignoring viable work-out proposals and continuing to collect servicing fees.

27. Sulsky and LNR's malicious pursuit of Beyman for their own benefit continues unabated. Indeed, at the conclusion of his deposition in the Park Row Guaranty Suit, Sulsky told a representative of Empire to inform Beyman that he (Sulsky) and LNR were "coming after Ezra."

28. LNR and Sulsky's misrepresentations and wrongful conduct have had a devastating effect on Beyman. After having relied upon the representations of Sulsky, LNR and LNR Texas that they would act in good faith and then working diligently to resolve the LNR Portfolio and his own guarantees, Beyman was confronted with an individual and entities that ignored or rejected all work-out proposals and began waging a relentless campaign of litigation against Beyman all over the country. The actions of LNR and Sulsky caused Beyman to suffer not only severe economic losses, but severe emotional and physical trauma, including a stress-induced heart attack.

V.

## Causes of Action

### A. Fraudulent Inducement

29. Plaintiff incorporates the previous paragraphs as if fully re-stated herein.

30. Sulsky, LNR, and LNR Texas (collectively "Defendants") made the knowingly false promises and representations referenced herein to induce Beyman to allow the foreclosure sale of the Park Row Property. Defendants knew that these representations were false at the time they made them. The representations were material because Beyman would not have dismissed the Injunction Proceeding but for the representations of Defendants, who intended that Beyman act on the representations. Beyman did act on the representations of Defendants and has suffered injury as a result. These damages include: (a) loss of equitable interest in the Park Row Property and other properties in the LNR Portfolio; (b) personal judgments against Beyman under his

guaranties of other loans in the LNR Portfolio, which judgments would not otherwise have been taken; and (c) severe mental anguish and physical harm. Beyman seeks recovery of these damages against Defendants, jointly and severally, in the amount of at least $40 million.

31. Further, because Beyman's injuries resulted from the actual fraud or malice of Defendants, Beyman is entitled to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a). Beyman seeks exemplary damages from Defendants, jointly and severally, in the amount of $10 million. Beyman also seeks prejudgment and postjudgment interest in the maximum amount allowed by law.

**B.  Conspiracy**

32. Plaintiff incorporates all previous paragraphs as if fully re-stated herein.

33. Defendants engaged in the fraudulent actions set forth herein with the intent to harm the Plaintiff and for their respective benefit.

34. The conspiratorial actions of these Defendants caused Beyman to incur the damages described in this petition and for which Beyman seeks recovery against the Defendants, jointly and severally.

**C.  Breach of Contract**

35. Plaintiff incorporates all previous paragraphs as if fully re-stated herein.

36. LNR and LNR Texas, through their agent Sulsky, entered into a contractual relationship with Beyman, wherein LNR and LNR Texas agreed to act in good faith to reach a resolution of the LNR Portfolio and the Beyman guaranties.

37. LNR and LNR Texas breached their contractual obligations to Beyman by failing to negotiate in good faith related to a resolution of the LNR Portfolio and the Beyman guaranties.

Indeed, the actions of LNR and LNR Texas can only be described as acts of bad faith and brazen breaches of their previous promises and representations.

38.     These contractual breaches have damaged Beyman, who seeks actual and consequential damages in the amount of at least $40 million.

39.     Beyman also seeks recovery of his reasonable and necessary attorney's fees incurred in defending the various suits filed by LNR and its affiliates and his reasonable and necessary attorney's fees incurred in the prosecution of this suit pursuant to Texas Civil Practice & Remedies Code chapter 38 and prejudgment and postjudgment interest in the maximum amount allowed by law.

**D.     Promissory Estoppel/Reliance**

40.     Plaintiff incorporates all previous paragraphs as if fully re-stated herein.

41.     Defendants made numerous oral and written promises to Beyman that they would act in good faith to seek a resolution of the entire LNR Portfolio and Beyman's guaranties.

42.     Beyman reasonably and substantially relied on these promises in deciding to allow Defendants to conduct foreclosure sales of the Park Row Property and the other properties in the LNR Portfolio and in seeking, himself, and introducing to Defendants potential buyers of or investors in the properties and/or the loans in the LNR Portfolio. Beyman did, in fact, bring to Defendants numerous good faith offers that would have satisfied some or all of the debt owed under each of the LNR Portfolio loans and would have caused the release or termination of Beyman's guaranties related to the LNR Portfolio.

43.     Beyman's personal position has changed for the worse because of his reliance on the unfulfilled promises of the Defendants. He has lost equity in numerous properties, been exposed to substantial personal liability, and suffered severe emotional and physical injury.

44.     Beyman's reliance on the representations of the Defendants was foreseeable. Indeed, Defendants made the promises at issue for the sole purpose of causing Beyman to change his position for the Defendants' benefit and Beyman's detriment.

45.     Injustice can only be avoided by enforcement of the Defendants' unfulfilled promises to act in good faith related to the entire LNR Portfolio and the Beyman guaranties.

46.     Beyman seeks reliance damages in the amount of at least $40 million.

### E.     Attorneys' Fees and Interest

47.     Beyman pleads for recovery of his attorney's fees under Texas Civil Practice & Remedies Code chapter 38. He also pleads for prejudgment and postjudgment interest in the maximum amount allowed by law.

### F.     Conditions Precedent

48.     All conditions precedent to recovery of the relief sought herein have occurred or have been satisfied.

## VI.

## Jury Demand

49.     Beyman demands a trial by jury and tenders the appropriate fee.

## Prayer

WHEREFORE, Plaintiff, Ezra Beyman, prays that Defendants LNR Partners, LLC, LNR Partners Texas, LLC, and Dmitry Sulsky be served and after their answer that Plaintiff have

judgment against the Defendants, jointly and severally, and be awarded actual and exemplary damages within the jurisdictional limits of the Court, attorney's fees and costs of Court and that Plaintiff receive all such other relief, both legal and equitable, to which he is justly entitled.

Respectfully submitted,

**LAW OFFICES OF KEVIN MICHAEL MADDEN, P.L.L.C.**

By: /s/ *Kevin M. Madden*
Kevin M. Madden
State Bar No. 24041376
1001 Texas Ave., Suite 1400
Houston, Texas 77002
Telephone: (713) 328-6833
Facsimile: (713) 328-6834
Email: kmm@kmaddenlaw.com

and

**KANE RUSSELL COLEMAN & LOGAN, PC**

By: /s/ *Courtney Palm*
William R. Pilat
State Bar No. 00788205
Courtney Palm
State Bar No. 24041641
919 Milam Street – Suite 2200
Houston, Texas 77002
Telephone: (713) 425-7400
Facsimile: (713) 425-7700
Email: cpalm@krcl.com

**ATTORNEYS FOR PLAINTIFF EZRA BEYMAN**